IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                               **INFORMATION**

MAC JOHNSON
_____/

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT ONE**

**A. INTRODUCTION**

At all times relevant to this Information:

1. Mac Johnson Roofing, Inc. was a corporation doing business in Newberry, Florida, and provided roofing, contracting, and labor services to individuals and businesses.

2. Johnson & Sons Tree Service, LLC. was a corporation doing business in Newberry, Florida, and provided tree removal, pruning, stump grinding, debris removal, and labor services to individuals and businesses.

3. Mac Johnson & Sons Dumpster, Crane & Demolition, LLC. was a corporation doing business in Newberry, Florida, and provided dumpster and crane rental service, and labor services to individuals and retail businesses.

Filed122017UsDcFlnfAM1102

4. **MAC JOHNSON** owned and operated Mac Johnson Roofing, Johnson & Sons Tree Service, LLC, and Mac Johnson & Sons Dumpster, Crane & Demolition, LLC (collectively "the Johnson Entities"), and was the sole signator on bank accounts used to issue payroll checks and wages to the employees of the Johnson Entities.

5. **MAC JOHNSON**, as the employer of the Johnson Entities employees, was required to collect, account for, and pay over to the Internal Revenue Service payroll taxes from the total wages of the Johnson Entities employees, including Medicare and social security taxes (collectively known as "Federal Insurance Contribution Act" or "FICA" taxes) and federal income taxes.

6. **MAC JOHNSON**, as the employer of the Johnson Entities employees, was required to pay to the State of Florida Unemployment Insurance premiums from the total wages of the Johnson Entities employees.

## B. THE CHARGE

Between on or about January 1, 2012, and on or about March 31, 2016, in the Northern District of Florida and elsewhere, the defendant,

**MAC JOHNSON,**

a resident of Newberry, Florida, and a person required to collect, account for, and pay over taxes imposed by Title 26 of the United States Code, did willfully fail to collect, truthfully account for, and pay over to the Internal Revenue Service,

federal income taxes and FICA taxes in the sum of $1,720,103.52 from the total taxable wages of Johnson Entities employees from the first quarter of the 2012 tax year through the first quarter of the 2016 tax year, said taxes due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7202.

## COUNT TWO

### A. INTRODUCTION

The allegations of Count One are hereby incorporated by reference as if fully set forth herein.

### B. THE CHARGE

Between on or about January 1, 2012, and on or about March 31, 2016, in the Northern District of Florida and elsewhere, the defendant,

**MAC JOHNSON,**

did knowingly and willfully devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause a wire communication to be transmitted in interstate commerce.

## C. SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1. The defendant fraudulently concealed from the State of Florida the true amount of wages earned by Johnson Entities employees, in order to avoid paying Florida Worker's Compensation Insurance premiums.

2. The defendant concealed the true amount of wages earned by Johnson Entities employees by submitting to the State of Florida documents and records that fraudulently omitted, and failed to accurately and completely identify, all of the Johnson Entities employees who earned and were paid wages by the Johnson Entities.

3. The defendant concealed the true amount of wages earned by Johnson Entities employees by falsely representing and causing to be represented to the State of Florida that the Johnson Entities employees had been paid amounts lower than the true amounts those employees were actually paid.

4. The defendant concealed the true amount of wages earned by Johnson Entities employees by issuing and causing to be issued two separate paychecks to the reported Johnson Entities employees, the second checks being issued in amounts that the defendant intentionally failed to report to the State of Florida.

5. The defendant further concealed the true amount of wages earned by Johnson Entities employees by not reporting to the State of Florida their

4

employment and by not issuing payroll checks to most of the Johnson Entities employees.

6. The defendant further concealed the true amount of wages earned by Johnson Entities employees by paying most employees in cash that the defendant and his confederates obtained from cashing cashiers' checks issued in amounts of less than $10,000 each.

7. By this conduct, the defendant defrauded the State of Florida of approximately $1,066,997.50 in unpaid Florida Worker's Compensation premiums.

### D. WIRE COMMUNICATION

On or about February 12, 2016, for the purpose of executing the scheme to defraud, the defendant knowingly did cause a wire communication to be transmitted in interstate commerce, that is the cashing of an $8,038.00 cashier's check drawn on an account ending in 9301 at Capital City Bank.

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT THREE

### A. INTRODUCTION

At all times material to this Information:

1. Drummond Community Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC).

2. Capital City Bank was a financial institution, the deposits of which were insured by the FDIC.

3. A currency transaction report (CTR) was a report submitted on United States Department of the Treasury, FINCEN Form 104. A domestic financial institution was required by federal law to file a CTR with the United States Department of the Treasury for each financial transaction that involved United States currency in excess of $10,000. Such financial transactions include deposits, withdrawals, or exchanges of currency, or other transactions involving the physical transfer of currency from one person to another.

## B. THE CHARGE

Between on or about October 16, 2015, and on or about May 20, 2016, in the Northern District of Florida, the defendant,

**MAC JOHNSON,**

did knowingly and for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, did structure and assist in structuring, and attempt to structure and to assist in structuring, transactions with Drummond Community Bank and Capital City Bank, domestic federally insured financial institutions, by causing the withdrawals of United States currency in amounts of $10,000 or less in separate transactions, and did so as part of a pattern of illegal activity involving more than

$100,000 in a twelve-month period; that is, on approximately ninety-six occasions, defendant **MAC JOHNSON** withdrew United States currency in amounts less than $10,000 from accounts held by him at Drummond Community Bank and Capital City Bank, these withdrawals totaling approximately $802,646.

In violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d), Title 31, Code of Federal Regulations, Section 103.11, and Title 18, United State Code, Section 2.

## COUNT FOUR

Between on or about August 1, 2014, and on or about May 31, 2016, in the Northern District of Florida, the defendant,

**MAC JOHNSON,**

knowingly and in reckless disregard of the fact that aliens, M. D., R. S., A. P., R. L., T. S., M. L., V. R., V. D., R. D., A. M., E. M., M. M., S. P., and R. M., had come to, entered, and remained in the United States in violation of law, did transport, and move such aliens within the United States, for the purpose of commercial advantage and private financial gain.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324 (a)(1)(B)(i).

# CRIMINAL FORFEITURE

The allegations contained in Counts Two, Three, and Four of this Information are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America. From his engagement in the violations alleged in Counts Two, Three, and Four of this Information, the defendant,

**MAC JOHNSON,**

shall forfeit to the United States of America:

(A) Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title, and interest in any property, real and personal, constituting, and derived from, proceeds traceable to a violation of Title 18, United States Code, Section 1343;

(B) Pursuant to Title 31, United States Code, Section 5317(c), any and all property, real or personal, involved in violation of Title 31, United States Code, Section 5324, and any property traceable thereto, including, but not limited to, the aggregate sum of approximately $802,646; and

(C) Pursuant to Title 8, United States Code, 1324(b), all of his interest in any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of Title 8, United States Code, Section 1324(a), and any gross proceeds of such violation, and any property traceable to such conveyance or proceeds.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(i) cannot be located upon the exercise of due diligence;

(ii) has been transferred, sold to, or deposited with a third party;

(iii) has been placed beyond the jurisdiction of this Court;

(iv) has been substantially diminished in value; or

(v) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property.

_____  
CHRISTOPHER P. CANOVA  
United States Attorney

Dec 5, 2017  
DATE

_____  
GREGORY P. McMAHON  
Assistant United States Attorney

December 20, 2017  
DATE

9