# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 1:17 CR 33 MW-GRJ

MAC JOHNSON

_____/

## FACTUAL BASIS FOR PLEA

This Statement of Facts is submitted on behalf of Defendant, Mac Johnson, his attorney, Rodney W. Smith, and the United States, by and through Assistant United States Attorney Gregory P. McMahon. Were this case to proceed to trial, the Government is prepared to present evidence that the following acts occurred in the Northern District of Florida and elsewhere:

The Florida Department of Financial Services Worker's Compensation Compliance Division (Department) is empowered to visit work sites and verify employees are covered by worker's compensation insurance. The Johnson Entities of Newberry, Florida (Mac Johnson Roofing, Inc., Johnson & Sons Tree Service, Mac Johnson & Sons Dumpster and Crane), are required to have worker's compensation insurance for its employees. The employees are named in the policy to ensure coverage if they are injured on the job. The Department previously issued "stop work" orders to the Entities, when the Entities did not provide proof of insurance for the employees.

FILED IN OPEN COURT

The Department made several random visits to work sites of the Johnson Entities, mainly to verify coverage for the roofers. Detectives with the Department found that work crews were supervised by a foreman that spoke English but no employee did nor did they have any personal identification. The agents interviewed the employees and gathered their names to compare with the filed insurance policy. The names of the employees did not match any names on the insurance policy. After several random visits at various work sites, with the same result, the Department issued a "stop work" order. The next day, the Defendant produced a policy containing the names of the employees. The agents with the Department reviewed the policy and determined the policy was one used by a south Florida landscaper and did not apply to the roofers.

Because of the previous problems with workers' compensation coverage and the continued discovery of undocumented individuals that could not speak English, the Department notified the Homeland Security Investigations (HSI). Investigators obtained payroll records of the Johnson Entities from January 2012 through May 2016. Over 13,000 checks from bank accounts with Bank of America, Drummond Community Bank and Capital City Bank were reviewed.

The records showed the Defendant willfully failed to withhold, account, and pay over all employee taxes for the Entities for the period noted above. During this period, the Defendant issued payroll checks and properly reported for some

employees (approximately 12 - 15) and those taxes reconciled with Forms 941 and Forms W-2 that the Defendant filed with the IRS. However, throughout this entire time, the Defendant issued second "under the table" checks and cash wages to employees, some who he never reported as employees to the IRS or State of Florida. In fact, the Defendant employed approximately 30 to 40 unreported employees. By not reporting all the employees, the Defendant avoided paying the payroll taxes and worker's compensation policy premiums. The payroll taxes (FICA) include Medicare, Social Security and "trust fund" taxes – federal withholding/income taxes.

From January 2012 to August 2012, the Entities processed weekly payroll internally and drew paychecks from account on which the Defendant was the sole signor. In August 2012, the Defendant signed a payroll service agreement with Paychex, a payroll processing service, who prepared payroll with funds from the same business accounts. In November 2013, the Defendant entered into an agreement with Southeast Personnel Leasing (SPL) to transfer his employees to SPL's business and "lease" them back. SPL is a professional employer organization, so it processes a single Form 941 for all employees and provides benefits, such as workers' compensation. The Defendant reported the wages earned by the employees to SPL and paid SPL for that reported time. During this same time, the Defendant continued to provide "under the table" checks and cash wages to the employees.

Using the double payment system, the Defendant made under the table payments of $6,921,522.09 to his employees. In doing so, he failed to withhold and pay taxes of $1,720,103.52. Worker's compensation premiums are calculated on a variable scale depending upon the type of work done by the employees and their pay. The premiums for roofers are much higher than clerical workers or salespersons. The total loss to the insurers and State of Florida is $1,066,997.49.

In September 2015, the Defendant stopped issuing checks to the employees for unreported wages and switched to paying these unreported wages in cash. Ordinarily the Defendant would write a check from the Mac Johnson Roofing Drummond Bank account and then use that check to purchase bank cashier's checks payable to the Defendant or his wife. The checks never exceeded $10,000.00. The Defendant directed D.J. and/or T.M. to convert the cashier's checks into cash each week. Multiple cashier's checks were cashed on the same day but at different branches. In total, there were 96 checks totaling $802,646.00. In furtherance of the scheme, on February 12, 2016, the Defendant cashed, or aided and abetted, cashing a check for $8,038.00 drawn on Drummond Community Bank with Capital City Bank. This transaction required the check to pass through the Federal Reserve Bank clearinghouse, thereby traveling by wire in interstate commerce.

HSI special agents conducted an audit of the employee files. The Hispanic employees had Department of Homeland Security Employment Eligibility

Verification Form I-9's in their files. The face sheet of each form was in the same handwriting and allegedly signed by the employees. The documents recorded the A numbers (alien registration) and /or social security numbers. Agents checked the documents and learned the numbers were false. Agents interviewed the employees and they acknowledged they had never seen or signed the forms or had any documents and were in the United States unlawfully. Each undocumented alien provided a handwriting sample that did not match the one on the Form I-9's. Despite this information and contact with the undocumented aliens (employees), the Defendant ignored the facts and circumstances. The Defendant provided transportation for the undocumented aliens, identified in the Information, to move to the work sites for commercial purposes and private financial gain. The Defendant also deducted rent from the undocumented aliens' pay to reside in residences owned by the Defendant.

**ELEMENTS**

**26 U.S.C. § 7202 Willful Failure to Pay Over Tax**

    1) The Defendant had a duty to collect, account for and pay over taxes owed;

    2) The Defendant willfully fails to account for and pay over the taxes owed.

**18 U.S.C. § 1343   Wire Fraud**

1) The Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

2) The false pretenses, representations, or promises were about a material fact;

3) The Defendant acted with the intent to defraud; and

4) The Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

### 31 U.S.C. § 5324 Structuring Financial Transactions

1) The Defendant knowingly structured or helped to structure a currency transaction;

2) The purpose of the structured transaction was to evade the transaction reporting requirements; and

3) The structured transaction involved one or more domestic financial institutions.

### 8 U.S.C. § 1324 Unlawfully Transporting Aliens

1) An alien entered or remained in the United States in violation of the law;

2) The Defendant knew or recklessly disregarded the fact that the alien was in the United States in violation of the law;

3) The Defendant transported the alien within the United States to further the alien's unlawful presence; and

4) The Defendant's motive was commercial advantage or private financial gain.

RODNEY W. SMITH
Counsel for Defendant

2/27/18
DATE

GREGORY P. Mc MAHON
Assistant United States Attorney

February 27, 2018
DATE

TERRY N. SILVERMAN
Counsel for Defendant

MAC JOHNSON
Defendant

2/27/18
DATE

7